# EXHIBIT A

FILED
2026 MAR 06 10:57 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05074-1 SEA

**SUPERIOR COURT OF
THE STATE OF WASHINGTON
IN AND FOR KING COUNTY**

| | |
|---|---|
| CHARLES ERVIN, JR., BEVERLY ERVIN, CHALON ERVIN and AUBREY ATTUCKS,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant. | NO.  26-2-05074-1 SEA<br><br>**FIRST AMENDED COMPLAINT FOR RELIEF AND MONEY DAMAGES**<br><br>**(Jury Trial Requested)** |

Plaintiffs CHARLES ERVIN, JR. BEVERLY ERVIN, CHALON ERVIN and AUBREY ATTUCKS, by and through counsel undersigned, for their Complaint against Defendant ALLSTATE INDEMNITY COMPANY, hereby alleges as follows:

**I.      JURISDICTION AND VENUE ALLEGATIONS**

1.      Plaintiffs CHARLES ERVIN, JR. and BEVERLY ERVIN ("Plaintiffs"), at all times material hereto, are residents of the State of Washington.

2.      Plaintiffs CHALON ERVIN and AUBREY ATTUCKS ("Plaintiffs"), are

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 1

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

relatives who are residents of the household and are insured persons under the Homeowners Policy of Defendants. At all times material hereto, they are residents of the State of Washington.

3.     Defendant ALLSTATE INDEMNITY COMPANY is a foreign company, licensed to do business in Washington in the lines of casualty, property and vehicle insurance.

4.     ALLSTATE INDEMNITY COMPANY transacts business in King County, Washington.

5.     This Court has jurisdiction over the subject matter of this action and the parties to this action.

6.     The amount of damages sought by the Plaintiffs exceeds the minimum jurisdictional amount established for filing in this Court.  Venue is proper in this Court because ALLSTATE INDEMNITY COMPANY has significant business operations in King County, Washington.

## II.     FACTUAL ALLEGATIONS

7.     Plaintiffs own a property located at 3921 46th Avenue S., Seattle, Washington 98118 ("the Property").

8.     Plaintiffs were insured by ALLSTATE INDEMNITY COMPANY under an Insurance Policy, commonly referred to as policy number 907 376 870 ("the Policy").

9.     The Policy includes coverage for increased costs resulting from enforcement

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 2

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

of any ordinance or law are regulating the construction, repair or replacement of damaged parts of the property.

10. On or about March 8, 2025, a fire caused significant damage to the Property, including damage to the structure and its contents and other areas of the property ("the Loss").

11. At the time of the Loss, the Policy was in full force and effect.

12. Plaintiffs timely submitted a claim to ALLSTATE INDEMNITY COMPANY regarding the Loss, which was assigned claim number 0787454834 (the "Claim") and Plaintiffs performed all of their obligations and responsibilities under the Policy with respect to this Claim.

13. ALLSTATE INDEMNITY COMPANY utilized its employees to adjust the claim.

14. Plaintiffs have timely responded to all reasonable inquiries and requests from ALLSTATE INDEMNITY COMPANY's agents, including employees of ALLSTATE INDEMNITY COMPANY regarding the Claim.

15. Plaintiffs have taken timely action to respond to all inquiries and requests from ALLSTATE INDEMNITY COMPANY.

16. In whole or in part, ALLSTATE INDEMNITY COMPANY through its employees and agents has denied coverage for and has refused to pay for losses due under the Claim.

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 3

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

17.    ALLSTATE INDEMNITY COMPANY knows, or should know, that it's unreasonable, incomplete and incompetent evaluation of the Loss is a breach of the duty and obligation of good faith and fair dealing owed to Plaintiffs under the Policy.

18.    ALLSTATE INDEMNITY COMPANY knows, or should know, that its failure to promptly and fully pay the Claim is not justified in light of the damage to the Property as a result of the fire and the terms of the Policy.

19.    With respect to the events giving rise to this lawsuit, at various times and in various ways, ALLSTATE INDEMNITY COMPANY acted through other agents and employees, including those of ALLSTATE INDEMNITY COMPANY, and is responsible for the actions of those agents and employees.

20.    Plaintiffs have incurred attorneys' fees and costs in connection with this action and Claim.

21.    Plaintiffs demand a jury trial of all claims triable by jury.

### III.    CLAIMS ASSERTED

### A. Declaratory Judgment

22.    Plaintiffs seek a judgment from this Court declaring that Plaintiffs are entitled to insurance coverage and insurance benefits, including the amounts thereof, which will be determined as investigation and discovery continue. Plaintiffs seek judgment with respect to all coverages that apply to the Loss, including without limitation coverage for replacement cost, actual living expenses, and contents.

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 4

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

23.    Plaintiffs seek a judgment from this Court declaring that ALLSTATE INDEMNITY COMPANY is in violation of provisions of the Unfair Claim Settlement Practices Regulation, in Chapter 284-3 of the Washington Administrative Code.

24.    Plaintiff seeks a judgment from this Court declaring that ALLSTATE INDEMNITY COMPANY is estopped from asserting any time limitation in the Policy as a defense to coverage due to ALLSTATE INDEMNITY COMPANY's bad faith.

## B. Breach of Insurance Contract

25.    All of the foregoing allegations are hereby incorporated by this reference.

26.    ALLSTATE INDEMNITY COMPANY agreed to provide property insurance coverage for Plaintiff and the Property.

27.    The aforementioned coverage includes payment for code upgrades required by law, ordinance or the County of business.

28.    ALLSTATE INDEMNITY COMPANY was paid premiums in exchange for its indemnity obligations to Plaintiffs.

29.    ALLSTATE INDEMNITY COMPANY performed acts and omissions, including but not limited to those detailed herein, that constituted one or more failures of ALLSTATE INDEMNITY COMPANY to perform its duties as set forth in the Policy and as required by Washington law.

30.    Such acts and omissions also constituted failures to meet industry standards for the handling of insurance claims.

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 5

31.     ALLSTATE INDEMNITY COMPANY's failures constitute one or more breaches of contract as it relates to the Loss.

32.     Plaintiffs have sustained damages and legal expenses as a result of one or more of ALLSTATE INDEMNITY COMPANY's breaches of contract relating to the Loss in amounts to be proven at trial.

## C. **Breach of Duties of Good Faith and Fair Dealing**

33.     The Policy, like all contracts in the State of Washington, contains an implied covenant of good faith and fair dealing.

34.     Plaintiffs fulfilled all of their obligations under the Policy.

35.     ALLSTATE INDEMNITY COMPANY failed to perform its obligations under the Policy.

36.     All of the acts, omissions, breaches, violations, and unreasonable, wrongful, and offending conduct by ALLSTATE INDEMNITY COMPANY as alleged herein were done knowingly, intentionally, or unreasonably by ALLSTATE INDEMNITY COMPANY or employees or agents acting on ALLSTATE INDEMNITY COMPANY's behalf and for which ALLSTATE INDEMNITY COMPANY is responsible and liable.

37.     ALLSTATE INDEMNITY COMPANY performed acts and omissions, including but not limited to those detailed herein, that constituted one or more breaches of duties owed by ALLSTATE INDEMNITY COMPANY to Plaintiffs, including but not limited to the duty of good faith, the duty of fair dealing, quasi-fiduciary duties to Plaintiffs,

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 6

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

and other legal duties.

38.     Such acts and omissions did not meet and were in violation of industry standards for the handling of insurance claims.

39.     Plaintiffs have sustained damages and legal expenses as a result of one or more of ALLSTATE INDEMNITY COMPANY's breaches of contract in amounts to be proven at trial.

40.     By failing to conduct an adequate investigation and wrongfully failing to process the claim in good faith and pay the proper amount of the Claims, ALLSTATE INDEMNITY COMPANY breached the Policy, including the implied covenant of good faith and fair dealing in that agreement, thereby depriving Plaintiffs of the benefits they were to have received under the Policy.

41.     ALLSTATE INDEMNITY COMPANY failed to handle Plaintiff's Claim in a reasonable manner and it has failed to make all proper payments owed under the Policy.

### D. Negligent Claims Handling

42.     ALLSTATE INDEMNITY COMPANY performed acts and omissions, including but not limited to those detailed herein, that constituted one or more breaches of duties owed by ALLSTATE INDEMNITY COMPANY to Plaintiffs, including but not limited to the duties otherwise described herein and the following duties:

a) To conduct a reasonable investigation, evaluation, and coverage determination regarding the Claim;

b) To accurately represent pertinent facts, Policy provisions, Policy coverage,

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 7

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

and the law;

c) To refrain from compelling Plaintiffs to initiate litigation in order to recover benefits owed under the Policy by offering substantially less than the proceeds ultimately recovered and due under the Policy;

d) To give equal or greater consideration to Plaintiff's financial interests than to ALLSTATE INDEMNITY COMPANY's own financial interests;

e) To comply with Washington law in all matters relating to the handling or evaluation of the Claim;

f) To not assert frivolous, unreasonable, or unsupportable coverage defenses or denials.

43.    ALLSTATE INDEMNITY COMPANY's acts and omissions regarding the Loss, including but not limited to those described herein, did not meet and were in violation of industry standards for the handling of insurance claims.

44.    ALLSTATE INDEMNITY COMPANY otherwise failed to act reasonably when investigating, evaluating, and otherwise administering the Claim.

45.    ALLSTATE INDEMNITY COMPANY's various failures and breaches each constitute negligent claims handling.

46.    Plaintiffs have sustained damages and legal expenses as a result of ALLSTATE INDEMNITY COMPANY's negligent claims handling in amounts to be proven at trial.

### E. Violation of the Consumer Protection Act

47.    Plaintiffs are a first-party claimant to the Policy.

48.    Through its conduct, including but not limited to the conduct detailed herein, ALLSTATE INDEMNITY COMPANY has acted unfairly and deceptively in violation of

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

Washington's Consumer Protection Act, more specifically, RCW 19.86.020.

49.    ALLSTATE INDEMNITY COMPANY's conduct occurred in trade or commerce.

50.    ALLSTATE INDEMNITY COMPANY's conduct affected the public interest.

51.    ALLSTATE INDEMNITY COMPANY's conduct caused injury to Plaintiff's "business or property" as those terms are defined for purposes of the Consumer Protection Act.

52.    ALLSTATE INDEMNITY COMPANY's conduct violated Washington's Consumer Protection Act.

53.    Plaintiffs have sustained damages and legal expenses as a result of ALLSTATE INDEMNITY COMPANY's violation of the Consumer Protection Act in amounts to be proven at trial.

### F. Injunctive Relief

54.    Plaintiffs assert a claim for injunctive relief under the Consumer Protection Act.

55.    The Court should enjoin ALLSTATE INDEMNITY COMPANY from further acts that violate the Washington Administrative Code,  and/or the Consumer Protection Act.

56.    The Court should require ALLSTATE INDEMNITY COMPANY to enact

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 9

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

procedures by which it would meet its legal obligations to its insureds.

## G. Violation of Insurance Fair Conduct Act

56.    As detailed herein, Plaintiffs have asserted rights to insurance policy benefits.  Those benefits were, and continue to be, due and owed to Plaintiffs pursuant to the Policy and Washington law.

57.    ALLSTATE INDEMNITY COMPANY has unreasonably denied and continues to unreasonably deny coverage owed to Plaintiffs under the Policy and Washington law.

58.    These unreasonable denials constitute violations of Washington's Insurance Fair Conduct Act; more specifically, RCW 48.30.015.

59.    Plaintiffs have provided at least twenty (20) days' notice of these claims to ALLSTATE INDEMNITY COMPANY by providing a letter detailing the basis of these claims to ALLSTATE INDEMNITY COMPANY and the Washington Office of the Insurance Commissioner. As a result, the notice requirements of RCW 48.30.015(8)(a) have been satisfied.

60.    Plaintiffs have sustained damages and legal expenses as a result of ALLSTATE INDEMNITY COMPANY's violation of the Insurance Fair Conduct Act in amounts to be proven at trial.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following in this action:

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 10

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1. Declaratory judgment entered by the Court as stated herein;

2. Judgment against ALLSTATE INDEMNITY COMPANY for damages in amounts to be proven at trial;

3. An injunction entered by the Court as stated herein;

4. Judgment against ALLSTATE INDEMNITY COMPANY for Plaintiff's costs, disbursements, and reasonable attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995), RCW 19.86.090, Washington law governing insurer bad faith, and otherwise as determined appropriate by the Court;

5. Judgment against ALLSTATE INDEMNITY COMPANY for enhanced damages pursuant to RCW 19.86.090, including but not limited to treble damages;

6. Judgment against ALLSTATE INDEMNITY COMPANY for penalties and damages pursuant to RCW 19.86.020;

7. Pre-judgment and post-judgment interest;

8. Additional relief that Plaintiffs may seek as litigation continues; and

9. Other relief as the Court deems just and proper.

**DATED** March 6, 2026.

///

///

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

**ROBERT D. BOHM, PLLC**

*/s/ Robert D. Bohm*
Robert D. Bohm, WSBA # 42703
Attorney for Plaintiffs


**LAW OFFICE OF NAOMI ARIN**

*/s/ Naomi Arin*
Naomi Arin, WSBA # 52267
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 12

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com