The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES ERVIN, JR., *et al.*,

Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

Defendant.

ALLSTATE INDEMNITY COMPANY,

Third-Party Plaintiff,

v.

INCLUSIVE RESTORATION AND CONTRACTING, LLC d/b/a RAINBOW INTERNATIONAL OF SEATTLE,

Third-Party Defendant.

NO. 2:26-cv-00867-RSL

**ORDER GRANTING IN PART AND DENYING IN PART ALLSTATE'S MOTION TO COMPEL DOCUMENTS FROM THIRD-PARTY PROLIFIC**

Before the Court is Defendant and Third-Party Plaintiff Allstate Indemnity Company's ("Allstate") motion to compel documents from Prolific Design, Build & Restoration d/b/a Prolific Solutions NW ("Prolific"). Dkt. 19. No opposition was filed. Having reviewed the motion and supporting exhibits, the remaining record, and the relevant legal authority, the Court grants in part and denies in part the motion for the following reasons.

This lawsuit arises from a March 2025 fire in plaintiffs' living room and their subsequent insurance claim to Allstate. The parties dispute the scope of mitigation and repairs required and the associated costs. Plaintiffs hired Prolific to complete the repair work on their home. Allstate served Prolific with a subpoena seeking various documents and communications. Although Prolific produced some responsive documents, Allstate represents that significant categories of responsive materials remain outstanding despite Prolific's agreement to supplement its production. Neither Prolific nor plaintiffs filed an opposition to the motion.

Having reviewed the record, the Court finds that Allstate has established a sufficient basis for compelling production of the requested documents. The documents sought are relevant and proportional to the needs of the case, and Prolific has not established a basis for withholding them. To the extent that Prolific claims that particular documents are protected by the attorney-client privilege or work-product doctrine, it must

identify those documents and the basis for withholding them in accordance with Fed. R. Civ. P. 45(e)(2)(A).

Allstate also requests an award of attorney's fees and costs. Fed. R. Civ. P. 45 governs sanctions against nonparties for failing to comply with subpoenas duces tecum. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). Because the Court has not previously ordered Prolific to comply with the subpoena or found it in contempt, an award of fees is not warranted at this time.

For the foregoing reasons, Allstate's motion (Dkt. 19) is GRANTED in part and DENIED in part. Within 21 days of service of this Order, Prolific shall produce all outstanding, nonprivileged documents and communications responsive to Allstate's subpoena, including:

1. Subcontractor agreements, communications, and documents, including bids, invoices, estimates, and payment information, related to plaintiffs' residence;
2. Third-party communications, including text messages, related to plaintiffs' residence, the work performed, or plaintiffs' insurance claim;
3. Photographs and diagrams of plaintiffs' residence and Prolific's work;
4. Text messages and internal communications related to plaintiffs' residence, the work performed, or plaintiffs' insurance claim;
5. Pricing information supporting Prolific's invoices and proposals;

6. Communications and documents sent to or received from plaintiffs' representatives, including their attorneys and public adjuster; and
7. Work logs, drying logs, and other records identifying the work performed, when it was performed, and by whom.

Production shall include all responsive documents and communications in Prolific's possession, custody, or control that have not previously been produced. To the extent Prolific withholds otherwise responsive materials on grounds of attorney-client privilege or work-product protection, it shall provide a privilege log complying with Fed. R. Civ. P. 45(e)(2)(A) within the same period.

Allstate's request for attorney's fees and costs is DENIED without prejudice. Allstate shall promptly serve a copy of this Order on Prolific and its counsel and file proof of service with the Court.

DATED this 13th day of October 2026.

Robert S. Lasnik
United States District Judge